IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

| ROBERT KIDD, | | |
|---|---|---|
| | Plaintiff, | ORDER |
| v. | | |
| WILLIAM J. POLLARD, | | 14-cv-808-jdp |
| | Defendant. | |

---

| TERRANCE GRISSOM, | | |
|---|---|---|
| | Plaintiff, | ORDER |
| v. | | |
| MICHAEL DITTMANN, LUCAS WEBER, and LINDSAY WALKER, | | 15-cv-705-jdp |
| | Defendants. | |

---

| TERRANCE GRISSOM, | | |
|---|---|---|
| | Plaintiff, | ORDER |
| v. | | |
| BARTOW, | | 16-cv-492-jdp |
| | Defendant. | |

---

| TERRANCE GRISSOM, | | |
|---|---|---|
| | Plaintiff, | ORDER |
| v. | | |
| KITTY RHOADES, ADMINISTRATION DOC, and ATTORNEY GENERAL, | | 16-cv-511-jdp |
| | Defendants. | |

---

TERRANCE GRISSOM,

                  Plaintiff,                          ORDER

    v.

MR. BARTOW,                                       16-cv-521-jdp

                  Defendant.

---

Plaintiff Terrance Grissom, a prisoner currently incarcerated at the Racine Correctional Institution, has filed several lawsuits alleging that prison officials at various correctional institutions are threatening to harm him. Plaintiff is a frequent litigator in this court (he has brought over 60 cases here since 1990) who has "struck out" under 28 U.S.C. § 1915(g) and who independently has been barred from filing new complaints in this court unless his allegations show that he is in imminent danger of serious physical injury. *See Grissom v. Kuluike*, No. 14-cv-590-jdp (W.D. Wis. Jan. 12, 2015).

As I have stated previously in plaintiff's cases, he has fallen into the habit of filing complaints but then not responding to court orders or otherwise doing anything to prosecute his lawsuits. *See, e.g., Grissom v. Luduigson*, No. 14-cv-758-jdp (W.D. Wis.) (case dismissed after plaintiff failed to submit initial partial payment of filing fee); *Grissom v. Vandenlangenberg*, No. 14-cv-490-jdp (W.D. Wis.) (same). Many of plaintiff's current pleadings fail to fully comply with the Federal Rules of Civil Procedure. In this order, I will address the problems with each of plaintiff's current lawsuits and give him a chance to either fix them or have the cases dismissed.

**A. Case no. 14-cv-808-jdp: Waupun Correctional Institution**

Plaintiff initially filed a joint complaint with a prisoner named Robert Kidd about their treatment at the Waupun Correctional Institution (WCI). I directed plaintiff to submit $0.03 as an initial partial payment of the filing fee but he failed to do so, even after opening

2

a new case in this court, No. 15-cv-705-jdp. Kidd responded by filing a motion to dismiss plaintiff from the '808 case. In a June 27, 2016, order, I dismissed plaintiff from the '808 case because he failed to prosecute it. Dkt. 39.

Now plaintiff has filed a motion for a temporary restraining order or injunction to be transferred to the Mendota Mental Health Institute (plaintiff is no longer at the Waupun Correctional Institution, his place of confinement at the time he filed the '808 case, and whose warden, William Pollard, is the defendant in that case). Dkt. 42 and 43. Plaintiff also asks to stay the case, and for an order directing prison officials to allow him to "produce documents to [him] at no cost" and to provide him with free mailing supplies. Dkt. 42, at 5-6.

I will not reconsider my decision to dismiss plaintiff from the '808 case. Plaintiff did not file a timely response to this court's order directing him to submit his initial partial payment, and Kidd has already stated his desire to continue the case without plaintiff. I will allow plaintiff to pursue his claims in a *new* case, separate from Kidd's lawsuit, but only if plaintiff confirms his desire to actually litigate the case by submitting the $0.03 initial partial payment he owes for that case. Plaintiff may arrange with prison authorities to pay some or all of the assessment from his release account. From plaintiff's trust fund account statement, it looks like he may not have any funds in his regular account to pay the fee, so I encourage him to seek the use of his release account funds for this purpose if he wants to pursue this (or any other) case. Plaintiff should show a copy of this order to prison officials to ensure that they are aware that they should send his initial partial payment to this court.

If plaintiff chooses to continue with this lawsuit under a new case number, he should also submit an amended complaint fully explaining the basis for his claims. In his original

complaint, plaintiff somewhat vaguely suggested that defendant Pollard was denying his and Kidd's complaints about mistreatment of his mental and physical health problems. The major thrust of plaintiff's allegations seemed to be that he was not receiving proper mental health treatment, but plaintiff did not explain what he means by that.

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775 (7th Cir. 1994). If plaintiff chooses to file an amended complaint, he should draft it as if he were telling a story to people who know nothing about his situation or defendant Pollard's actions. Plaintiff will need to explain what Pollard did that harmed him. In particular, he needs to be specific about what decisions about mental health treatment Pollard was involved in and how Pollard's actions harmed plaintiff.

I will attach a blank complaint form to this order so that plaintiff can explain how Pollard or other prison staff members harmed him. Plaintiff should make sure to fill out the caption part of the complaint form so that the court and his opponent or opponents can understand who he intends to sue.

I will deny plaintiff's motions for injunctive relief because he has not submitted his initial partial payment and because he has been transferred away from the danger he says he faced at WCI. Also, I will deny plaintiff's motions for an order directing free copies or mailing supplies from prison officials. This court generally does not interfere with the prison's administration of copying or mailing-supply policies while litigating a lawsuit about completely unrelated claims. The only instance in which the court might get involved was if

plaintiff could show that prison officials are effectively barring him from litigating his lawsuits, but he has not made that showing. He has been able to file his pleadings and various motions in each of the above-captioned proceedings, which indicates that prison officials are not stopping him from litigating them. Documents he attaches to some of his pleadings also suggest that plaintiff may seek a legal loan from the DOC.

**B. Case no. 15-cv-705-jdp: Columbia Correctional Institution**

Plaintiff was transferred to the Columbia Correctional Institution, and he filed a new lawsuit alleging that prison officials there were threatening to harm him. I directed plaintiff to submit a six-month copy of his trust fund account statement and to file an amended complaint containing a caption. Dkt. 2 in the '705 case. I also warned plaintiff that, given his history of initiating cases but then refusing to prosecute them, I would dismiss the '705 case if he failed to respond to the order.

Plaintiff has responded by filing his prison trust fund account statement, which the court uses to determine an initial partial payment of the filing fee. Section 1915(b)(1). The initial partial payment is calculated by using the method established in § 1915 by figuring 20 percent of the greater of the average monthly balance or the average monthly deposits to the plaintiff's trust fund account. From the account statement plaintiff has submitted, I calculate his initial partial payment to be $0.03. Like in the '808 case, plaintiff may arrange with prison authorities to pay some or all of the assessment for this case from his release account. Plaintiff should show a copy of this order to prison officials to ensure that they are aware that they should send his initial partial payment to this court.

Plaintiff submitted the same document as he did in the '808 case seeking injunctive relief and the provision of postage. I will deny the motions contained in that filing for the same reason I denied his motions in the '808 case.

Plaintiff also submitted a letter asking for complaint forms from the clerk's office, which they have sent him. I take this as plaintiff saying that he wishes to file an amended complaint in this case, even though he has not yet filed one on the form I attached in the previous order in this case. I will attach another complaint form and give plaintiff a short deadline to submit an amended complaint in this case, or I will dismiss the case.

**C. Case nos. 16-cv-492-jdp, 16-cv-511-jdp, and 16-cv-521-jdp: Wisconsin Resource Center**

After a short stay at the Columbia Correctional Institution, plaintiff was transferred to the Wisconsin Resource Center (WRC) in June 2016. Plaintiff quickly filed three complaints regarding his treatment there. Although his complaints are somewhat difficult to follow and two of them do not contain formal captions, he appears to name the director of the WRC, secretary of the state Department of Health Services, the state attorney general, and Department of Corrections administration as the defendants.

In all three of his complaints, plaintiff states that WRC staff is trying to kill him by forcing him to take psychotropic medication. Documents attached to his complaints show that state officials transferred plaintiff to WRC for the purposes of mental health treatment and obtained an order for involuntary administration of medication. The United States Supreme Court has recognized that prisoners "possess[] a significant liberty interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment." *Washington v. Harper*, 494 U.S. 210, 221-22 (1990). The

6

Due Process Clause "permits the State to treat a prison inmate who has a serious mental illness with antipsychotic drugs against his will, if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest . . . ." *Id*. at 227.

Plaintiff also cites to state statutes regarding, kidnapping, taking hostages, false imprisonment, and various federal criminal statutes. This makes it seem as if plaintiff objects to his being moved to different facilities and being forced to take medications against his will. But although I can understand why plaintiff does not want to be treated with medication against his will, he does not explain what about the *process* he received was defective, or whether it was incorrectly decided that he was a danger to himself or others and that the treatment was in his interest.

Rather, he calls the state officials' actions "terrorism" and "torture" and states that they are trying to kill him. So I take him to be saying that the medications themselves are harming him, regardless of the priority of the decision to administer them. This could support an Eighth Amendment claim if he put forward allegations showing that any of the defendants knew that the medications were causing him harm and that they were deliberately indifferent to this harm. His vague allegations also suggest that he has been abused in other ways by staff, but plaintiff does not explain who these staff members are or specifically what they did to harm him. Plaintiff has named only high-level prison officials as defendants, and he does not explain what part they played in the wrongdoing he discusses in his complaints. Because his allegations are so similar in each of the three complaints, it is unclear why he decided to file all three of them. It is possible that he means to bring only one complaint about his treatment at WRC.

As with plaintiff's other complaints, the three seemingly related complaints he has filed in these cases violates Rule 8. But at this point, I am not convinced that plaintiff needs to have three open cases regarding his treatment at WRC. I will attach a third complaint form to this order for plaintiff to fill out with *all* of his allegations about his mistreatment at WRC. In doing so, plaintiff should make sure to name each state official he intends to sue as a defendant in the caption. Then in the body of the complaint, plaintiff will need to explain in greater detail what each of those defendants did to harm him.

As I stated above, he should draft his amended complaint about WRC as if he were telling a story to people who know nothing about his situation. Plaintiff will need to be more specific than stating that WRC staff members are torturing him. He needs to explain who is harming him and what they are doing to harm him. If plaintiff continues to think that the forced medication is harming him, plaintiff should explain whether he thinks that he was unfairly forced to take medication, and if so, why he believes that decision was unfair. He also should explain how the medication is harming him, which state officials are aware that plaintiff is suffering harm, and how they have responded to this knowledge. If there are other actions outside the forced medication that plaintiff believes have harmed him, he should explain what those actions were, who took those actions, and how they harmed plaintiff.

For the time being, I will assess one initial partial payment of $0.03 that plaintiff will need to pay to go along with this amended complaint. As I stated regarding plaintiff's other cases, he may arrange with prison authorities to pay some or all of the assessment from his release account. Plaintiff should show a copy of this order to prison officials to ensure that they are aware that they should send his initial partial payment to this court.

I will hold off on dismissing two of plaintiff's three cases until I see what allegations he brings in an amended complaint and whether they belong together in one lawsuit. If I ultimately conclude that he need only bring one lawsuit concerning the WRC allegations, I will dismiss the other two cases and waive plaintiff's filing fee for them. For now, plaintiff need only worry about submitting one $0.03 initial partial payment.

If plaintiff chooses not to respond to this order, I will dismiss all three of his cases.

ORDER

IT IS ORDERED that:

**In case no. 14-cv-808-jdp:**

1. Plaintiff is to submit a check or money order made payable to the clerk of court in the amount of $0.03 or advise the court in writing why he is not able to submit the assessed amount on or before August 29, 2016. If plaintiff does not have the money to make the initial partial appeal payment from his regular account, he will have to arrange with prison authorities to pay the assessment from his release account.

2. Plaintiff's motions for injunctive relief, Dkt. 42 and 43, are DENIED.

**In case no. 15-cv-705-jdp:**

1. Plaintiff is to submit a check or money order made payable to the clerk of court in the amount of $0.03 or advise the court in writing why he is not able to submit the assessed amount on or before August 29, 2016. If plaintiff does not have the money to make the initial partial appeal payment from his regular account, he will have to arrange with prison authorities to pay the assessment from his release account.

2. Plaintiff may have until August 29, 2016, to submit an amended complaint or this case will be dismissed.

3. Plaintiff's motion for injunctive relief, Dkt. 6, is DENIED.

**In case nos. 16-cv-492-jdp, 16-cv-511-jdp, and 16-cv-521-jdp:**

1. Plaintiff's complaints in each of these cases are DISMISSED for failure to comply with Federal Rule of Civil Procedure 8. Plaintiff may have until August 29, 2016, to submit one amended complaint covering the allegations in each of these cases.

2. For now, all three of the complaints in these cases will be considered together as one case, with one filing fee. Plaintiff is to submit a check or money order made payable to the clerk of court in the amount of $0.03 or advise the court in writing why he is not able to submit the assessed amount on or before August 29, 2016. If plaintiff does not have the money to make the initial partial appeal payment from his regular account, he will have to arrange with prison authorities to pay the assessment from his release account.

Entered August 9, 2016.

                                              BY THE COURT:

                                              /s/

                                              _____
                                              JAMES D. PETERSON
                                              District Judge